UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ANNA KUN,<br><br>                                   PLAINTIFF,<br><br>vs.<br><br>CLARK COUNTY; DEPUTY SLAV PAVLENKO, individually and as an employee of Clark County Sheriff's Office; DEPUTY JOHN DOE, individually and as an employee of Clark County Sheriff's Office,<br><br>                          DEFENDANTS. | No. 3:21-cv-21-5819<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**<br><br>**[JURY DEMAND]** |

## I.    <u>INTRODUCTION</u>

1.1    This is a civil action brought by plaintiff, Ms. Anna Kun, against Clark County, and Sheriff's Deputy Slav Pavlenko and others, as a result of Deputy Pavlenko and other deputies barging into Ms. Kun's home at night without a warrant or any other lawful authority to investigate a misdemeanor, and then searching her home, seizing her, interrogating her, and arresting her without probable cause,

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

1

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1  thereby depriving plaintiff of her rights, property, and liberty without due process of

2  law, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of

3  the United States, 42 U.S.C. and §§ 1983, 1985, 1986, and 1988, and common law.

4  ## II.    **PARTIES**

5      2.1    Plaintiff ANNA KUN was at all times relevant a citizen of the United

6  States residing in Clark County, Washington.

7      2.2    Defendant CLARK COUNTY, a municipal corporation, is a lawfully

8  constituted municipal corporation and body politic of the State of Washington, and

9  at all times material to this action operated the Clark County Sheriff's Office.

10     2.3    Defendant SLAV PAVLENKO, is, and at all times relevant, was a

11  resident of the Clark County, Washington and an employee of the Clark County

12  Sheriff's Office, acting as a lawfully commissioned Sheriff's Deputy. SLAV

13  PAVLENKO is being sued both in his individual capacity, personal capacity, and

14  official capacity.

15     2.4    Defendant DEPUTY JOHN DOE, is, and at all times relevant, was a

16  resident of the Clark County, Washington, and an employee of the Clark County

17  Sheriff's Office, acting as a lawfully commissioned Sheriff's Deputy. DEPUTY

18  JOHN DOE is being sued both in his individual capacity, personal capacity, and

19  official capacity.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

2

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    2.5    The identity of DEPUTY JOHN DOE is known to, or can easily be

2    obtained by, Defendant Clark County and Defendant Slav Pavlenko.

3                    **III.    <u>JURISDICTION AND VENUE</u>**

4    3.1    This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(3) and §

5    1988, and the Fourth and Fourteenth Amendments.

6    3.2    Jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, and 1343 and the

7    aforementioned statutory and constitutional provisions.

8    3.3    This action also includes state law claims arising from the same incident

9    and involving the same parties.

10    3.4    This court can and should exercise supplemental jurisdiction over state

11    claims and other parties under 28 U.S.C. § 1367(a) as the other claims "are so related

12    to claims in the action within such original jurisdiction that they form part of the

13    same case or controversy under Article III of the United States Constitution."

14    3.5    All parties are resident in or doing business in Clark County,

15    Washington and the Western District of the United States Federal Court for

16    Washington, and are citizens of the United States of America.

17    3.6    Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a

18    substantial part of the events and omissions giving rise to the claims asserted herein

19    occurred in Clark County, Washington, which is in this court's district and division.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021
3
ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

3.7    The complaint is timely filed within the applicable statute of limitations. The appropriate statute of limitations is Washington's three-year statute for personal injury claims. RCW 4.16.080. The United States Supreme Court and the Ninth Circuit have held that 42 U.S.C. § 1983, which does not contain a statute of limitations, adopts the relevant statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Stanley v. Trustees of California State University*, 433 F.3d 1129 (9th Cir. 2006).

## IV.    **FACTUAL ALLEGATIONS**

4.1    Ms. Anna Kun has never been convicted of a crime.

4.2    Ms. Kun immigrated from the U.S.S.R. to the United State of America several years prior to this incident.

4.3    Ms. Kun left Russia to be free from government oppression of individual liberty, and so she could avoid persecution based on religion.

4.4    At the time relevant to this matter, and on September 13th and 14th, 2019, Ms. Kun lived in Vancouver, Washington at 3613 NW 122nd St.

4.5    Below is a true and correct image of Ms. Kun's residence, 3613 NW 122nd St, as it generally appeared from the roadway at all times relevant to this matter.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

4

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268



4.6     In the early morning of September 13th or 14th, 2019, Ms. Kun drove her car to her personal residence.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

5

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.7    At all times relevant to this case, Deputy Pavlenko and Deputy Doe

2    were deputies for the Clark County Sheriff's Office and acting under color of state

3    law.

4    4.8    On September 13th or 14th, 2019, at approximately 1:47 AM, Deputy

5    Pavlenko observed the vehicle being driven by Ms. Kun shortly before she arrived

6    at her home.

7    4.9    Shortly after Deputy Pavlenko first observed Ms. Kun, Deputy

8    Pavlenko observed Ms. Kun make a left turn onto the street of her personal

9    residence.

10    4.10    Prior to making that left hand turn, Ms. Kun activated her left-hand turn

11    signal.

12    4.11    Deputy Pavlenko then observed Ms. Kun pull her car into her driveway

13    at 3612 NW 122nd St.

14    4.12    The distance from that left hand turn to Ms. Kun's garage was very

15    short.

16    4.13    The amount of time from when Deputy Pavlenko observed Ms. Kun

17    make the left-hand turn, to when Ms. Kun pulled her car into the driveway was under

18    45 seconds.

19    4.14    Deputy Pavlenko observed Ms. Kun's garage door open and watched

20    her safely park her car inside her garage.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

6

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.15   When Ms. Kun arrived at her residence, she drove her car completely into her garage, parked, and turned off the engine.

4.16   When Ms. Kun turned off her car, the car was completely inside of the garage.

4.17   When Ms. Kun was driving home that night, she obeyed traffic laws.

4.18   During the time that Deputy Pavlenko observed Ms. Kun driving, he observed no driving infractions.

4.19   During that time that Deputy Pavlenko observed Ms. Kun driving, Ms. Kun committed no driving infractions.

4.20   Deputy Pavlenko stopped his patrol car on the street and approached Ms. Kun's garage.

4.21   When Deputy Pavlenko parked his car on the street, he blocked or partially blocked the driveway to Ms. Kun's home.

4.22   Deputy Pavlenko could see that the garage was attached to, and a part of, the residence.

4.23   While standing at the threshold of the garage door, Deputy Pavlenko waited about 10-15 seconds for Ms. Kun to step out of her vehicle.

4.24   When Ms. Kun exited her vehicle, she was surprised at the presence of Deputy Pavlenko.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

7

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1        4.25   An employee of the Clark County Prosecutor's Office, who had driven

2 up to Ms. Kun's residence, made a video recording of Deputy Pavlenko walking up

3 to the threshold of Ms. Kun's home.

4        4.26   The video made by the employee of the Clark County Prosecutor's

5 Office ends once Deputy Pavlenko reached the threshold of the home.

6        4.27   Soon after the video camera stopped recording, Deputy Pavlenko

7 crossed the threshold of the home and entered Ms. Kun's home through the garage

8 door.

9        4.28   Ms. Kun was no longer free to leave and effectively arrested in her

10 home once Deputy Pavlenko entered her home.

11        4.29   Deputy Pavlenko, once inside the home, asked Ms. Kun questions.

12        4.30   Deputy John Doe, who arrived after Deputy Pavlenko, also entered Ms.

13 Kun's home and searched for evidence.

14        4.31   Defendants did not have a warrant at the time they entered Ms. Kun's

15 home.

16        4.32   Defendants did not have probable cause that any crime had occurred at

17 the time they entered Ms. Kun's home.

18        4.33   Defendants were not in hot pursuit at the time they entered Ms. Kun's

19 home.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

8

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1      4.34   Deputy Pavlenko did not believe there were any exigent circumstances

2   at the time he entered Ms. Kun's home.

3      4.35   There were no exigent circumstances at the time that Defendants

4   entered Ms. Kun's home.

5      4.36   Ms. Kun did not consent to any deputy entering her home.

6      4.37   Prior to entering Ms. Kun's residence, Deputy Pavlenko never advised

7   Ms. Kun of any of her rights.

8      4.38   Defendants had no exception to the warrant requirement when they

9   entered Ms. Kun's home.

10     4.39   Once inside the garage Deputy Pavlenko took Ms. Kun's license from

11  her and then continued his criminal investigation.

12     4.40   Ms. Kun objected to Deputy Pavlenko's actions and asked him about

13  her rights.

14     4.41   Despite Ms. Kun's questions about her rights, Deputy Pavlenko

15  continued to remain in, and search, her home.

16     4.42   Deputy Pavlenko did not observe any slurred speech by Ms. Kun that

17  night.

18     4.43   Deputy Pavlenko later noted in his report that Ms. Kun's coordination

19  was fair that night.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

9

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1  4.44 Deputy Pavlenko arrested Ms. Kun, placed her in handcuffs, and

2 transported her to the Clark County Jail.

3  4.45 Deputy Pavlenko did not have probable cause to arrest when he placed

4 Ms. Kun in handcuffs and transported her to jail.

5  4.46 Ms. Kun's 14 year old daughter was then left at home alone.

6  4.47 Deputy Pavlenko alleged that Ms. Kun had committed a gross

7 misdemeanor violation of Washington State traffic law.

8  4.48 Deputy Pavlenko had Ms. Kun's car towed out of her garage.

9  4.49 Ms. Kun was required to pay the tow fee before she could obtain her

10 car.

11  4.50 Deputy Pavlenko did not have a warrant to seize and tow Ms. Kun's

12 vehicle.

13  4.51 Deputy Pavlenko filed criminal charges against Ms. Kun in the Clark

14 County District Court under case number 9z0911915.

15  4.52 The arrest caused great emotional distress and embarrassment to Ms.

16 Kun.

17  4.53 As a result of the acts of the Defendants, Ms. Kun suffered injury to

18 body and mind, emotional distress and humiliation.

19  4.54 Ms. Kun was forced to hire a defense attorney to defend her against the

20 charges filed by Deputy Pavlenko in 9z0911915.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

10

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.55  Ms. Kun incurred legal defense fees associated with the defense of her

2    criminal charges in 9z0911915.

3    4.56  Ms. Kun's defense counsel filed a motion to suppress all evidence

4    obtained after the point that Deputy Pavlenko crossed the threshold into her home

5    without a warrant.

6    4.57  At the suppression hearing, the prosecution was represented by a deputy

7    prosecutor from the Clark County Washington Prosecutor's Office.

8    4.58  Deputy Pavlenko testified under oath at the suppression hearing.

9    *Hearing Testimony 9z0911915*

10   4.59  During sworn testimony in the suppression hearing held in cause

11   number 9z0911915, the following exchange occurred between Ms. Kun's defense

12   attorney and Deputy Pavlenko:

13   Defense Counsel:  What was the total amount of time from when you
14                    first observed Ms. Kuhn on the road to when you
15                    placed her under arrest?
16   Deputy Pavlenko:  About five minutes. I'm not sure exactly how long.
17   Defense Counsel:  Could it be less than four minutes?
18   Deputy Pavlenko:  It could be.

19   4.60  During sworn testimony in the suppression hearing held in cause

20   number 9z0911915, the following exchange occurred between Ms. Kun's defense

21   attorney and Deputy Pavlenko:

22   Defense Counsel:  Okay. Now, that vehicle, the way the road is set up,
23                    it was a left hand turn that that car made, and then the home
24                    was immediately on the right. Correct?

| | |
|---|---|
| 1 | Deputy Pavlenko: Yes. |
| 2 | Defense Counsel: So, that car turned left, and immediately pulled into |
| 3 | the garage of that home. |
| 4 | Deputy Pavlenko: Yes. |
| 5 | Defense Counsel: And you pulled up behind and then activated your |
| 6 | red lights? |
| 7 | Deputy Pavlenko: Yes. |
| 8 | Defense Counsel: You got out of your car, and you walked up to the |
| 9 | threshold of the garage. |
| 10 | Deputy Pavlenko: Yes. |
| 11 | Defense Counsel: Now at the point that you reached the threshold of |
| 12 | the garage, the information that you had was what you |
| 13 | observed at the intersection just a moment before. Right? |
| 14 | Deputy Pavlenko: Yes. |
| 15 | Defense Counsel: And you had heard an alert from dispatch that |
| 16 | someone had called in a possible DUI. Correct? |
| 17 | Deputy Pavlenko: Yes. |
| 18 | Defense Counsel: And you had not spoken to the other officer, |
| 19 | correct? |
| 20 | Deputy Pavlenko: Correct. |
| 21 | Defense Counsel: And you had not spoken to the person who, uh, |
| 22 | came up to the scene? |
| 23 | Deputy Pavlenko: Correct. |
| 24 | Defense Counsel: All right. Now, at that point, you were investigating |
| 25 | a traffic infraction, correct? |
| 26 | Deputy Pavlenko: Yes. Initially. |

4.61 During sworn testimony in the suppression hearing held in cause number 9z0911915, the following exchange occurred between Ms. Kun's defense attorney and Deputy Pavlenko:

| | |
|---|---|
| 30 | Defense Counsel: All right. Now, at that point that Ms. Kuhn was in |
| 31 | her garage, on the inside of the garage, correct? |
| 32 | Deputy Pavlenko: Yes. |
| 33 | Defense Counsel: And you did not go into her garage at that point |
| 34 | because you knew that you could not pass the threshold of |
| 35 | her garage, correct? |
| 36 | Deputy Pavlenko: Yes. |

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

12

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

Defense Counsel:  All right.  Because you've been trained that the threshold of the home is something you can't go past without a warrant or an exigency or consent, correct?

Deputy Pavlenko:  Right. Since I, at that point, was only investigating a traffic infraction, correct.

4.62  During sworn testimony in the suppression hearing held in cause number 9z0911915, the following exchange occurred between Ms. Kun's defense attorney and Deputy Pavlenko:

Defense Counsel: So when you were standing at the threshold of her garage, you didn't observe any indication that she was fleeing the area, correct?

Deputy Pavlenko:  Correct.

Defense Counsel:  And in fact, your car was blocking the driveway, essentially, so she's not getting back in her car and trying to flee, right?

Deputy Pavlenko:  I was parked on the road, but I see what you're saying. Yes.

4.63  During sworn testimony in the suppression hearing held in cause number 9z0911915, the following exchange occurred between Ms. Kun's defense attorney and Deputy Pavlenko:

Defense Counsel:  She hadn't made any furtive or threatening movements, correct?

Deputy Pavlenko:  No.

Defense Counsel:  She didn't attempt to run inside the... Deeper into the house and get away from you?

Deputy Pavlenko:  No.

Defense Counsel:  She didn't attempt to close the garage door or anything like that?

Deputy Pavlenko:  No.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

13

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.64   During sworn testimony in the suppression hearing held in cause

2    number 9z0911915, the following exchange occurred between Ms. Kun's defense

3    attorney and Deputy Pavlenko:

4    Defense Counsel: And you did not, at any point, in your
5                     communications with Ms. Kuhn that night, observe any
6                     slurred speech at all, did you?
7    Deputy Pavlenko: No.

8    4.65   During sworn testimony in the suppression hearing held in cause

9    number 9z0911915, the following exchange occurred between Ms. Kun's defense

10   attorney and Deputy Pavlenko:

11   Defense Counsel: Okay. You did not observe her having difficulty
12                    walking, to the best of your recollection?
13   Deputy Pavlenko: Yes. Correct.

14   4.66   During sworn testimony in the suppression hearing held in cause

15   number 9z0911915, the following exchange occurred between Ms. Kun's defense

16   attorney and Deputy Pavlenko:

17   Defense Counsel: Okay. So let's be very clear about exactly what you
18                    said to her. You said exactly two words to her. The one.
19                    First word is can, and the second word is I. That is the only
20                    thing you said to her, correct?
21   Deputy Pavlenko: Yes.
22   Defense Counsel: You did not say, "Can I come into your home?"
23   Deputy Pavlenko: Correct.

24   4.67   During sworn testimony in the suppression hearing held in cause

25   number 9z0911915, the following exchange occurred between Ms. Kun's defense

26   attorney and Deputy Pavlenko:

1    Defense Counsel:  All right. And when you said, "Can I?" She did not
2                       provide you a verbal response at all, did she?
3    Deputy Pavlenko:  No. Correct. Yes.
4    Defense Counsel:  She did not say, "Yes, you can come into my home."
5    Deputy Pavlenko:  Correct.
6    Defense Counsel:  She did not say, "I consent to you entering my
7                       home."
8    Deputy Pavlenko:  Correct.
9    Defense Counsel:  And you did not advise her that before you came
10                      into her home, she doesn't have to allow you into her
11                      home, did you?
12   Deputy Pavlenko:  No.
13   Defense Counsel:  You did not give her any advisement of her rights
14                      before you came into her home that night.
15   Deputy Pavlenko:  No.
16   Defense Counsel:  Now, once you walked into her home, that is when
17                      you started to ask her questions about, uh, alcohol.
18                      Correct?
19   Deputy Pavlenko:  Yes.
20   Defense Counsel:  And that was in furtherance of your investigation of
21                      her for DUI, correct?
22   Deputy Pavlenko:  Yes.

23   4.68  During sworn testimony in the suppression hearing held in cause

24   number 9z0911915, the following exchange occurred between Ms. Kun's defense

25   attorney and Deputy Pavlenko:

26   Defense Counsel:  Prior to the point where you asked Ms. Kuhn if she
27                      would like to take field sobriety tests, had you established
28                      probable cause, in your mind, to arrest her for DUI?
29   Deputy Pavlenko:  Not maybe... Not that moment. I needed to talk to
30                      her a little bit more.
31   Defense Counsel:  Okay. So, how long had you been in her garage
32                      when you asked her about the field sobriety tests?
33   Deputy Pavlenko:  I don't know.
34   Defense Counsel:  And so, at that moment when you asked her if she
35                      wanted to do field sobriety tests, she never said no.
36   Deputy Pavlenko:  Correct.

1   Defense Counsel:  She simply asked some questions about what her
2                 rights were and what the impact of those tests would be.
3   Deputy Pavlenko:  The impact of those tests if she wouldn't do those
4                 tests would be, yes.
5   Defense Counsel:  Okay. And at that point, you arrested her.
6   Deputy Pavlenko:  I got to the point where talking to her, being in close
7                 proximity with her, yeah. I told her she was under arrest
8                 for DUI.
9   Defense Counsel:  And you had talked to her for a total of two to three
10                minutes?
11   Deputy Pavlenko:  Yeah.
12   Defense Counsel:  You had observed no slurred speech?
13   Deputy Pavlenko:  Correct.

14    4.69  During sworn testimony in the suppression hearing held in cause

15  number 9z0911915, the following exchange occurred between Ms. Kun's defense

16  attorney and Deputy Pavlenko:

17   Defense Counsel:  Do you think it might have been frightening for a
18                woman to have a man come into her home at night and
19                start asking her to perform testing?
20   Deputy Pavlenko:  I think probably.

21    4.70  During sworn testimony in the suppression hearing held in cause

22  number 9z0911915, the following exchange occurred between Ms. Kun's defense

23  attorney and Deputy Pavlenko:

24   Defense Counsel:  Did you offer her a portable breath test?
25   Deputy Pavlenko:  I can't remember.
26   Defense Counsel:  So she never denied a handheld breath test or
27                declined to take a handheld breath test.
28   Deputy Pavlenko:  Can't remember. Sorry.

29    4.71  In fact, Deputy Pavlenko never offered Ms. Kun the opportunity to take

30  a preliminary breath test before he arrested her in her home.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

16

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.72   During sworn testimony in the suppression hearing held in cause

2    number 9z0911915, the following exchange occurred between Ms. Kun's defense

3    attorney and Deputy Pavlenko:

Defense Counsel:  Prior to entering her garage, you didn't read her her
                  Miranda rights or provide her any advising of her rights.
Deputy Pavlenko:  Correct.
Defense Counsel:  And at the jail, you did not provide her an
                  opportunity to sign this implied consent form, did you?
Deputy Pavlenko:  Correct.

**Ruling from Trial Court**

4.73   Following Deputy Pavlenko's testimony at the pretrial hearing, the

Clark County District Court Judge found that the warrantless entry into Ms. Kun's

home was unlawful.

4.74   As a result of the motion and hearing, on May 20, 2020, the Clark

County District Court Judge entered an order that suppressed all evidence from the

point of Deputy Pavlenko's entry into Ms. Kun's home and dismissed the case

against her.

4.75   Attached as Exhibit A to this Complaint is a true and correct copy of

the ruling referenced above.

4.76   The Clark County Prosecutor's Office did not appeal the dismissal.

4.77   Following the court ruling, a grievance was filed on behalf of Ms. Kun

with the Clark County Sheriff's Office regarding the warrantless entry into Ms.

Kun's home.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

17

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.78   The grievance consisted of a cover letter and a copy of the trial court's ruling on the motion to suppress and dismiss.

4.79   Attached as Exhibit B to this Complaint is a true copy of that grievance referenced above.

4.80   In response to that grievance, Clark County Sheriff Chuck Atkins responded with a letter.

4.81   Sheriff Atkins' response letter attached a copy of the original grievance (Exhibit B) and the ruling from the court (Exhibit A).

4.82   A true and correct copy of Sheriff Atkins' response is attached to this Complaint as Exhibit C.

4.83   At all times relevant, Chuck Atkins was the elected Sheriff for Clark County Washington, and was acting in such capacity as the agent, servant, and employee of the defendant Clark County and had policy making authority for the Clark County Sheriff's Office.

4.84   In Sheriff Atkins' letter dated September, 8, 2020, he wrote:

"I have reviewed Ms. Kun's formal complaint against the warrantless search and unlawful entry into her home and the contemporaneous seizure of her person by Deputy Yarslav Pavlenko. My review included No. 9z0911915, ANNA KUN'S MOTION TO SUPPRESS AND DISMISS and all relevant police reports. I concur with your motion and his honorable Judge Zimmerman's dismissal."

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

18

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.85   Sheriff Atkins also wrote in his letter that his investigation into the grievance concluded that Deputy Pavlenko "lacked a clear understanding of the search and seizure laws…"

4.86   Deputy Pavlenko is not entitled to qualified immunity as he violated Ms. Kun's rights, and clearly established law, when he entered her home without a warrant.

4.87   "All warrantless entries of a home are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980).

4.88   "Freedom from intrusion into the home or dwelling is the archetype of the privacy protection secured by the Fourth Amendment." *Dorman v. United States*, 140 U.S. App. D.C. 313, 317, 435 F.2d 385 (1970).

4.89   "Exigent circumstances" involve a true emergency, i.e., "an immediate major crisis," requiring swift action to prevent imminent danger to life, forestall the imminent escape of a suspect, or the destruction of evidence. *Dorman*, 140 U.S. App. DC at 319.

4.90   There was no exigent circumstance justifying the warrantless entry into Ms. Kun's home by Defendants.

4.91   "[T]he natural dissipation of alcohol in the blood" is not a per se or categorical exigency such that it justifies entry into a home. *Missouri v. McNeely*, 569 U.S. 141, 156, 133 S. Ct. 1552, 1563 (2013); *see also Byars v. State*, 130 Nev.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

19

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1   Adv. Op. 85, 336 P.3d 939 (2014) (potential loss of blood marijuana content

2   evidence is not exigency justifying warrantless search).

3       4.92   "When a prosecutor seeks to rely upon consent to justify the lawfulness

4   of a search, he has the burden of proving that the consent was, in fact, freely and

5   voluntarily given." *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S. Ct. 1788,

6   20 L. Ed. 2d 797 (1968).

7       4.93   There was no consent given for the warrantless entry into Ms. Kun's

8   home by Defendants.

9   *Notice Claims*

10      4.94   On or about November 9, 2020, a notice required under RCW 4.96 et.

11  seq. was served on the CLARK COUNTY, regarding the federal and state law

12  claims pleaded in this complaint.

13              **V.    FIRST CAUSE OF ACTION**
14              **UNLAWFUL SEARCH OF HOME**
15              **FOURTH AMENDMENT VIOLATION**
16              **(42 U.S.C. § 1983 *et seq.*)**
17              **(ALL DEFENDANTS)**

18      5.1    Plaintiff hereby restates and incorporates by reference all paragraphs of

19  this Complaint as if fully set forth herein.

20      5.2    Defendants   unreasonably,   recklessly,   knowingly,   intentionally,

21  willfully and wantonly entered and searched Ms. Kun's residence without a warrant

22  or an exception to the warrant requirement.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021
20
ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

5.3    The search of Ms. Kun's home by Defendants was unreasonable.

5.4    Defendants acted with knowledge that they had no legal basis to enter and search Ms. Kun's home.

5.5    No warrant existed for the search of Ms. Kun's residence.

5.6    No authority in law existed to search Ms. Kun's residence.

5.7    As a result of the actions of Defendants, Plaintiff was deprived of her control and use of her property, both the residence and its contents, without due process of law in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

5.8    As a proximate result of the violation of the Plaintiff's constitutional rights by Defendants, Ms. Kun suffered and will continue to suffer damages in the amount to be proven at trial.

5.9    The conduct of Defendants also subjects them to punitive damages in an amount to be proven at trial.

## VI.    SECOND CAUSE OF ACTION
### SEIZURE OF PERSON
### FOURTH AMENDMENT VIOLATION
### (42 U.S.C. § 1983 *et seq.*)
### (ALL DEFENDANTS)

6.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

21

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

6.2    Defendants unreasonably, recklessly, knowingly, intentionally, willfully, and wantonly seized Ms. Kun and her residence by entering her residence and seizing her in her residence without a warrant or an exception to the warrant requirement.

6.3    The seizure of Ms. Kun by Defendants was unreasonable.

6.4    Defendants restrained Ms. Kun's liberty through coercion, physical force, or a show of authority.

6.5    Under all of the circumstances, a reasonable person in Ms. Kun's position would not have felt free to ignore the presence of law enforcement and to go about her business.

6.6    At no point did Defendants advise Ms. Kun that she was free to leave.

6.7    From the time that Defendants entered Ms. Kun's home she was not free to leave.

6.8    As a result of the actions of Defendants, Plaintiff was deprived of her control and use of her person without due process of law in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

6.9    As a proximate result of the violation of the Plaintiff's constitutional rights by Defendants, Ms. Kun suffered and will continue to suffer damages in the amount to be proven at trial.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

22

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1       6.10   The conduct of Defendants also subjects them to punitive damages in

2 an amount to be proven at trial.

## VII.  THIRD CAUSE OF ACTION
## ARREST WITHOUT PROBABLE CAUSE
## FOURTH AMENDMENT VIOLATION
## (42 U.S.C. § 1983 *et seq.*)
## (ALL DEFENDANTS)

8       7.1   Plaintiff hereby restates and incorporates by reference all paragraphs

9 of this Complaint as if fully set forth herein.

10       7.2   Defendants unreasonably, recklessly, knowingly, intentionally,

11 willfully and wantonly arrested Ms. Kun by acting with knowledge that Ms. Kun

12 was innocent of any crimes and without probable cause in violation of her 4th

13 Amendment protections provided by the United States Constitution.

14       7.3   Probable cause never existed for the arrest of Ms. Kun.

15       7.4   At all times, Defendants knew Ms. Kun was innocent.

16       7.5   As a proximate result of Defendants' violation of the Plaintiff's

17 constitutional rights, Ms. Kun suffered and will continue to suffer damages in the

18 amount to be proven at trial.

19       7.6   Defendants' conduct also subjects them to punitive damages in an

20 amount to be proven at trial.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

23

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

## VIII. FOURTH CAUSE OF ACTION
### SEIZURE OF VEHICLE
### FOURTH AMENDMENT VIOLATION
### (42 U.S.C. § 1983 *et seq.*)
### (ALL DEFENDANTS)

8.1 Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

8.2 Defendants unreasonably, recklessly, knowingly, intentionally, willfully, and wantonly seized and towed Ms. Kun's vehicle from her garage.

8.3 No warrant authorized the seizure of Ms. Kun's vehicle.

8.4 No exception to the warrant requirement existed.

8.5 As a proximate result of Defendants' violation of the Plaintiff's constitutional rights, Ms. Kun suffered and will continue to suffer damages in the amount to be proven at trial.

8.6 Defendants conduct also subjects them to punitive damages in an amount to be proven at trial.

## IX. FIFTH CAUSE OF ACTION
### NEGLIGENCE
### (State Law)
### (ALL DEFENDANTS)

9.1 Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

24

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    9.2    On the date that Defendant deputies searched Ms. Kun's home without

2 a warrant, they were acting as agents of Clark County, within the scope of their

3 employment with Clark County.

4    9.3    Clark County and its agents, Defendant deputies, owe a duty of care to

5 persons with whom they interact in a police operation to take reasonable care so not

6 to cause foreseeable harm in the course of such law enforcement interactions.

7    9.4    Defendant deputies have a duty of reasonable care to refrain from

8 violating individuals' rights to privacy under general notions of negligence and

9 common law.

10    9.5    Defendant deputies have a duty of reasonable care to refrain from

11 violating RCW 10.79.040.

12    9.6    Clark County and Defendant deputies owed such duty to Ms. Kun; and,

13 Defendants breached said duty when they unreasonably and unnecessarily entered

14 and searched Ms. Kun's home without a warrant and arrested her without probable

15 cause.

16    9.7    Clark County is responsible for the acts of its agent and employees,

17 Defendant deputies, and is therefore also liable.

18    9.8    Clark County, and Defendant deputies are liable to Ms. Kun for the

19 negligent actions which proximately caused Ms. Kun injury.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

25

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1     9.9    As a result of the acts of the Defendants, Ms. Kun has suffered injury

2 to body and mind, significant pain, emotional distress, humiliation.

## X.    SIXTH CAUSE OF ACTION
### NUISANCE
### (State Law)
### (ALL DEFENDANTS)

7     10.1   Plaintiff hereby restates and incorporates by reference all paragraphs of

8 this Complaint as if fully set forth herein.

9     10.2   Defendants intentionally and unlawfully invaded the property of Ms.

10 Kun, thereby affecting her interest in the exclusive possession of her property.

11     10.3   There was a reasonable foreseeability that the unlawful invasion by

12 Defendants would disturb the Ms. Kun's possessory interest.

13     10.4   The invasion by Defendants annoyed, injured, or endangered the

14 comfort, repose, health, or safety of Ms. Kun, or offended decency, or rendered Ms.

15 Kun insecure in life, or in the use of her property.

16     10.5   As a result of Defendants' violations, Ms. Kun suffered and will

17 continue to suffer damages to be proven at trial.

## XI.    INDEMNIFICATION

19     11.1   Plaintiff hereby restates and incorporates by reference all paragraphs of

20 this Complaint as if fully set forth herein.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

26

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    11.2   In committing the acts alleged in the preceding paragraphs, Defendant

2    deputies acted at all relevant times within the scope of their employment for Clark

3    County.

4    11.3   As a result, pursuant to state law, Clark County must indemnify the

5    Defendant deputies for any judgment against them.

6    ## XII.   RESPONDEAT SUPERIOR

7    12.1   Plaintiff hereby restates and incorporates by reference all paragraphs of

8    this Complaint as if fully set forth herein.

9    12.2   In committing the acts alleged in the preceding paragraphs, Defendant

10   deputies acted at all relevant times within the scope of their employment for Clark

11   County.

12   12.3   Defendant Clark County, as principal, is liable for all torts, including

13   state law torts, committed by its agents.  Clark County, as principal, is also liable

14   for the constitutional violations committed by its officers as by law and County

15   Code Clark County is wholly responsible for providing the defense of individual

16   Defendant Officers and for indemnifying them against any judgment or verdict that

17   may result.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

27

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

# XIII. <u>DAMAGES AND PRAYER FOR RELIEF</u>

13.1  For the reasons stated above, Plaintiff Ms. Kun prays for the following relief:

13.2  For judgment against each of the Defendants, jointly and severally, for monetary special damages in an amount to be determined at trial;

13.3  For judgment against each of the Defendants, jointly and severally, for damages in the form of economic losses, non-economic loss, personal injuries, emotional distress, embarrassment, loss of reputation, loss of enjoyment of life and humiliation, in an amount presently unknown and to be made more certain at the time of trial, as well as incurring attorney fees and other losses;

13.4  For judgment against each of the Defendants, jointly and severally, for general compensatory damages in an amount to be determined at trial;

13.5  For judgment for punitive damages against each of the Defendants, jointly and severally, in an amount to be determined at trial;

13.6  For attorneys fees and costs authorized by statute, including reasonable attorneys fees pursuant to 42 U.S.C. §1988;

13.7  WHEREFORE, Ms. Kun prays for damages as previously mentioned, together with other equitable relief, costs of this action and reasonable attorneys fees, prejudgment interest on any lost wages or liquidated sums, punitive damages and any other relief as this Court deems equitable and just.

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

28

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

# XIV. <u>JURY DEMAND</u>

14.1   Ms. Kun is entitled to and hereby demands trial by a jury.

DATED Monday, November 8, 2021.

ANGUS LEE LAW FIRM, PLLC

*S// D. Angus Lee*
D. Angus Lee, WSBA# 36473
Attorneys for Anna Kun
Angus Lee Law Firm, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Phone: 360.635.6464 Fax: 888.509.8268
E-mail: Angus@AngusLeeLaw.com

COMPLAINT AND DEMAND
No. 3:21-cv-21-5819
Monday, November 8, 2021

29

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268